**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

July 17, 2020

## LETTER OPINION & ORDER

Re:   *Jasmine A. Perez. v. Francisco A. Pena*
      Civil Action No. 20-9023 (ES) (CLW)

Dear Counsel,

Before the Court is plaintiff Jasmine A. Perez's ("Plaintiff") verified complaint (D.E. No. 1 ("Compl.")) and motion for an order to show cause with temporary restraints (D.E. No. 2). For the reasons that follow, the motion is denied, and the Complaint is dismissed without prejudice.

*Brief Background*:   Plaintiff contends that she and defendant Francisco A. Pena ("Defendant") own two limited liability companies: LOS PRIMOS REALTY LLC ("Primos") and LA ANTILLANA PRODUCTS, LLC ("Products"). (Compl. ¶ 8–13). The parties share equal ownership of Primos, while Defendant owns 51% of Products, and Plaintiff owns the remaining 49%. (*Id.* ¶¶ 9 & 13). Throughout the relevant period, Defendant acted as the managing member for both entities, and was responsible for maintaining the books. (*See id.* ¶¶ 9, 16 & 23). Plaintiff acted as a co-manager, and her parents were employees of Product. (*Id.* ¶¶ 26–28). Plaintiff asserts that in or about May 2020 she became aware of certain irregularities with respect to Defendant's handling of cash receipts and payments made from business accounts for unidentified expenses. (*Id.* ¶¶ 29–30). After a confrontation, Defendant agreed to permit Plaintiff's mother to act as Product's bookkeeper, who in her new role noticed that the net profits from the business were significantly higher during her time as a bookkeeper than when Defendant was responsible for bookkeeping. (*Id.* ¶ 31). Then, in early June, Defendant ordered Plaintiff and her parents to vacate Product's building and terminated their employment. (*Id.* ¶ 32). Since then, Defendant has continually refused to pay Plaintiff any distributions from the business, grant Plaintiff access to Product's building and bank accounts, or to allow Plaintiff to inspect Product's financial records. (*See, e.g.*, *id.* ¶¶ 33–36 & 39–43). Plaintiff asserts that Defendant has failed to file the appropriate income taxes for Product and has failed to make applicable payroll deductions. (*Id.* ¶¶ 38 & 45–46). Based on these allegations, Plaintiff raises various state law claims.

*Discussion:* First, the Complaint must be dismissed for failure to properly plead subject-matter jurisdiction. This Court has an inherent authority and obligation to *sua sponte* raise the lack of subject-matter jurisdiction at any time. *See Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016). Particularly, federal courts have the power to decide only certain types of cases, including those based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986). Importantly, "[t]he burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Benefit Life*

*Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).  Thus, when a case is brought under Section 1332, the Court must be sure the plaintiff has alleged that the parties' citizenship is completely diverse and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  If subject matter jurisdiction is absent, then "the only function remaining . . . is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted); Fed. R. Civ. P. 12(h)(3).

Here, the Complaint asserts subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 4).  Particularly, Plaintiff contends that complete diversity exists because Plaintiff is "a resident of the City of Yonkers, State of New York" while Defendant is "a resident of the City of Perth Amboy, State of New Jersey." (*Id.* ¶¶ 4 & 6–7).  However, residency alone is insufficient to establish an individual's citizenship for purposes of diversity jurisdiction.  *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018) (holding that "[a]lleging residency alone is insufficient to plead diversity of citizenship").  Thus, the Complaint must be dismissed for failure to plead subject-matter jurisdiction.  And because Plaintiff has not demonstrated subject-matter jurisdiction, she cannot demonstrate any likelihood of success on the merits.  *See Martinez v. New York*, No. 07-5949, 2008 WL 343556, at *2 (D.N.J. Jan. 28, 2008).

Second, to the extent jurisdiction exists, Plaintiff's emergent motion is also deficient.  In this District, "[a]ny party may apply for an order requiring an adverse party to show cause why a preliminary injunction should not issue, upon the filing of a verified complaint . . . ."  L. Civ. R. 65.1.  But "[n]o order to show cause to bring on a matter for hearing will be granted except on a *clear and specific* showing . . . of good and sufficient reasons why a procedure other than by notice of motion is necessary." *Id.* (emphasis added).  In other words, a plaintiff's filings must "convincingly demonstrate[ ] why the preliminary injunction cannot be adequately heard under a normal briefing schedule." *See, e.g.*, *Delta Bank v. Malamud*, No. 12-6688, 2012 WL 12896203, at *1 (D.N.J. Nov. 13, 2012).

"[An] order to show cause may include temporary restraints only under the conditions set forth in Fed. R. Civ. P. 65(b)." L. Civ. R. 65.1(a).  In turn, Rule 65(b)(1) permits a court to issue a "temporary restraining order . . . only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Courts in this district have interpreted this rule to mean that an application for a temporary restraining order must be evaluated under the same framework as an application for "the issuance of a preliminary injunction." *See Int'l Foodsource, LLC v. Grower Direct Nut Co.*, No. 16-3140, 2016 WL 4150748, at *6 (D.N.J. Aug. 3, 2016).  Therefore, "[a] party must show (1) a likelihood of success on the merits, (2) that it will suffer irreparable harm if the injunction is denied, (3) that granting preliminary relief will not result in even greater harm to the nonmoving party, and (4) the public interest favors such relief." *Id.*

Moreover, "[i]njunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *See Westchester Fire Ins. Co. v. Glob. Real Const., LLC*, No. 09-0207, 2009 WL 137414, at *1 (D.N.J. Jan. 20, 2009) (quoting *Kos Pharms. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)).  And in order to be entitled to such injunctive relief, "[a] plaintiff must establish more than a risk of irreparable injury.  He must demonstrate 'a clear showing of

immediate irreparable injury.'" *Ajjahnon v. U.S. Postal Serv.*, No. 08-4123, 2008 WL 4508327, at *1 (D.N.J. Sept. 30, 2008) (quoting *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 205 (3d Cir. 1990)). Specifically, "a plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy"—"[e]conomic loss does not constitute irreparable harm." *Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994). And "a failure to demonstrate [that] irreparable injury[] must necessarily result in the denial of" the requested injunctive relief." *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982).

Here, the Court finds that Plaintiff fails to meet her burden of making a clear showing of immediate irreparable harm. As a preliminary matter, Plaintiff's brief is thin in citations to relevant law and the record. For instance, the section discussing irreparable harm cites nothing in the record and just three New Jersey state law cases with respect to just one of alleged forms of irreparable harms. (D.E. No. 2 at 28–44[1] ("Plt.'s Mov. Br.") at 7–9). It is not this Court's job to do Plaintiff's research for her, much less to search the record for allegations and evidence that might support the bare assertions made in her brief. *See, e.g.*, *McClung v. 3M Co.*, No. 16-2301, 2019 WL 4668053, at *4 & 8 (D.N.J. Sept. 25, 2019) (collecting cases); *Northwestern Nat'l Ins. Co. v. Baltes,* 15 F.3d 660, 662–63 (7th Cir. 1994) (["District judges] need not excavate masses of papers in search of revealing tidbits—not only because the rules of procedure place the burden on the litigants, but also because their time is scarce.").

Moreover, on this record the Court is unable to find that any of the asserted conduct gives rise to an imminent irreparable harm. For instance, Plaintiff contends that she will suffer irreparable harm because "given sufficient opportunity and time Defendant *may* very well either destroy or alter to his benefit the source documents in his possession that are necessary to reconstruct the substantial financial investment made by Plaintiff and the substantial amount of cash revenue generated by Products which Defendant himself took possession of and Plaintiff never saw." (Plt.'s Mov. Br. at 7 (emphasis added)). Plaintiff also contends that the value of her "interest in Products will be reduced by [Defendant's] continued diversion of cash receipts into his own pocket because any prospective valuation of the business will be based on incomplete data as to actual profits and could never be made right." (*Id.* at 7–8).

But these contentions face several problems. First, by virtue of the filing of this lawsuit, Defendant is now subject to a litigation hold and the attendant appropriate sanctions if he destroys or alters any relevant document or evidence. *See, e.g.*, *Major Tours, Inc. v. Colorel*, No. 05-3091, 2009 WL 2413631, at *4 (D.N.J. Aug. 4, 2009) (discussing a litigant's duty to preserve evidence not only during litigation, but in anticipation of such litigation); *Todd v. White*, No. 16-77, 2017 WL 424892, at *3 (W.D.N.C. Jan. 31, 2017) (denying TRO requesting an order to preserve evidence and collecting cases doing the same); *see also MOSAID Techs., Inc. v. Samsung Elecs. Co.*, 348 F.Supp.2d 332, 335 (D.N.J. 2004) (noting that spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably for[e]seeable litigation," which "may give rise to sanctions"). Thus, the Court fails to see the need for injunctive relief with respect to the preservation of evidence and documents.

---

[1] Pagination of docket entry number 2 refers to CM/ECF pagination generated on the upper right-hand corner. In the future, counsel should file each document as a separate subentry within the relevant docket entry.

Second, that Defendant "may" take those actions, at best, shows a risk of injury rather than the required "clear showing of immediate irreparable injury." *Ajjahnon*, 2008 WL 4508327, at *1 (internal quotation marks and citation omitted). Indeed, Plaintiff cites no evidence showing that Defendant is in fact likely and imminently going to destroy or alter such documents. (*See* Plt.'s Mov. Br. at 7–9). Additionally, Plaintiff does not explain how, much less cite any case law for the proposition that, the destruction or alteration of such documents will in fact reduce Plaintiff's economic interest or will give rise to an irreparable harm. (*See generally id.*). On the other hand, the Complaint outlines Plaintiff's investments, and thus they appear to be easily calculable at this juncture before any discovery has occurred. (*See* Comp. ¶¶ 15 & 18; *see also* Plt.'s Mov. Br. at 8 (noting that Plaintiff "has invested close to half a million dollars"). Similarly, Plaintiff fails to provide any explanation for how Product's revenues and valuation could not be calculated, or at least estimated to a reasonable degree of certainty, based on Product's prior weekly gross revenues (*id.* ¶ 25), the findings of Plaintiff's mother during the three weeks she acted as Product's bookkeeper (*id.* ¶ 31), and whatever else discovery may uncover. In other words, Plaintiff fails to demonstrate how any potential harm flowing from the potential destruction of these documents cannot be redressed with monetary damages. *Acierno*, 40 F.3d at 653 ("Economic loss does not constitute irreparable harm.").[2]

Plaintiff also contends that "it appears that . . . Products is a cash machine and is being mismanaged and the business run-down by [Defendant] . . . , to, among other things, avoid paying payroll and income taxes, thereby vicariously exposing Plaintiff herself to liability (civil and criminal)." (Plt.'s Mov. Br. at 8). But again, that it may "appear" that Defendant is taking such action fails to make the necessary "clear showing" that Plaintiff will imminently suffer irreparable harm. Additionally, Plaintiff again cites no law that would support her assertion that this conduct somehow give rise to an imminent irreparable harm that cannot be compensated through monetary damages. Indeed, Plaintiff does not explain how she is likely to face personal liability from Defendant's actions despite the existence of the corporate veil (which presumably separates Plaintiff from Product) and the contentions here that Defendant has sole control over Product.

Finally, Plaintiff cites to three New Jersey state court decisions for the proposition that loss of substantial business revenue constitutes irreparable harm. (Plt.'s Mov. Br. at 8). But while federal courts apply state law to the substantive issues in diversity actions, they must "utilize a federal standard in examining requests . . . for preliminary injunctions" and temporary restraints. *See Figueroa v. Precision Surgical, Inc.*, 423 F. App'x 205, 207 (3d Cir. 2011) (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 799 (3d Cir. 1989)). Thus, to the extent the cited state court decisions found that loss of business revenue alone constitutes irreparable harm pursuant to New Jersey procedural rules, those decisions fail to demonstrate that such a loss constitutes irreparable harm under Federal Rule of Civil Procedure 65. To the contrary, federal law is clear that "[l]ost revenues are a classic economic loss, and can easily be remedied by

---

[2] Plaintiff asserts that Defendant "has no qualms about forcibly removing Plaintiff from her employment in and management of Primos and Products." (Plt.'s Mov. Br. at 8). But the Court is unsure how that gives rise to an imminent irreparable harm.

monetary damages at the end of a trial on the merits." *See, e.g.*, *Ortho Biotech Prod., L.P. v. Amgen Inc.*, No. 05-4850, 2006 WL 3392939, at *6 (D.N.J. Nov. 21, 2006) (citing *Frank's GMC Truck Ctr. v. Gen. Motors Corp.,* 847 F.2d 100, 102 (3d Cir.1988)).

Therefore, Plaintiff has failed to make the necessary clear showing that absent the requested injunctive relief she will suffer imminent *irreparable* harm. Thus, Plaintiff has also failed to make a "clear and specific showing . . . of good and sufficient reasons why a procedure other than by notice of motion is necessary," L. Civ. R. 65.1, and her requested order to show cause is also denied as a result.[3]

Accordingly, IT IS on this 17th day of July 2020,

**ORDERED** that Plaintiff's Complaint is dismissed *without prejudice* for failure to plead subject-matter jurisdiction; and it is further

**ORDERED** that to the extent Plaintiff can establish subject-matter jurisdiction, Plaintiff may file an amended complaint within 20 days of this Order; failure to do so will result in the closing of this matter; and it is further

**ORDERED** that Plaintiff's motion for an order to show cause with temporary restraints is DENIED; and it is further

**ORDERED** that the Clerk of Court shall terminate docket entry number 2.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[3] Because the Court dismisses the Complaint and the denies the emergent application, the Court need not address Plaintiff's request for the appointment of a receiver and expedited discovery. However, with respect to the request for expedited discovery, the Court also notes that the request is similarly deficient as it consist of two conclusory sentences devoid of any law or cogent explanation why such relief is required.